# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

BOBBY RAY LONG, )
)
Plaintiff, )
)
vs. )    1:12-cv-32-JMS-MJD
)
CHRISTOPHER WHITE, et al., )
)
Defendants. )


**Entry Concerning Selected Matters and Directing Further Proceedings**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.    The plaintiff=s request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

2.    Plaintiff Bobby Ray Long filed this civil action pursuant to 42 U.S.C. § 1983. Mr. Long alleges that his Fourteenth Amendment due process rights were violated while he was a pre-trial detainee at the Marion County Jail. Specifically he was denied medical treatment and subjected to "cruel conditions of confinement." The defendants in this action are the following: Christopher White, John Layton, Greg Ballard, Kenneth Whipker, Lee Hoard, "John and Jane Doe Numbers One through Two Hundred."

3.    The complaint is now subject to the screening requirement of 28 U.S.C. ' 1915(e). Pursuant to 28 U.S.C. ' 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

4.    Applying this standard, claims against the **John and Jane Doe defendants (all two hundred of them) must be dismissed,** because Ait is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff.@ *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

5. **Claims against Mayor Greg Ballard are also dismissed.** There is no plausible connection between the constitutional violations alleged in the complaint and Mayor Ballard. This is because the Mayor is not responsible for the care of prisoners within the jail. It is the Sheriff upon whom Indiana law imposes a duty to administer jails and care for prisoners. *Donahue v. St. Joseph County,* 720 N.E.2d 1236, 1240 (Ind. Ct. App. 1999) (county does not owe duty of care when jail inmate is injured as a result of the manner in which jail is administered rather than by a defect in the facility); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind.Ct.App. 1994) (Ait is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates@); IND. CODE ' 36-2-13-5(a)(7) (listing duties of the sheriff); *Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir. 1994) (AMarion County has no authority over the Sheriff and his deputies . . . .@).

6. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

7. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the remaining defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 01/19/2012
_____

_Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bobby Ray Long
842 North Dequincy Street
Indianapolis, IN 46201

Christopher White
Indianapolis Metropolitan Police
200 East Washington Street
Indianapolis, IN  46204

John Layton
Marion County Sheriff
40 South Alabama Street
Indianapolis, IN  46204

Kenneth Whipker
Marion County Jail
40 S. Alabama Street
Indianapolis, IN 46204

Lee Hoard
Marion County Jail
40 S. Alabama Street
Indianapolis, IN 46204