UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BOBBY RAY LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-32-JMS-MJD |
| | ) | |
| CHRISTOPHER WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint, Dismissing Certain Claims,
And Directing Further Proceedings**

Plaintiff Bobby Ray Long's motion for leave to amend his civil rights complaint [37] is **granted.** The clerk is directed to **re-docket** the tendered amended complaint [37-1] as the amended complaint.

**I.**

The amended complaint alleges that Christopher White, John Layton, Kamyia Quarlos, Lisa Moore, Marcel Rohana, and Warren Hoosier violated his constitutional rights by denying him pain medication and scheduled back surgery at the Veterans Hospital (VA) while he was a pre-trial detainee at the Marion County Jail. The claims are brought pursuant to 42 U.S.C. § 1983. Long seeks a declaratory judgment and money damages.

The amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by

Bobby Ray Long, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [' 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (A[C]onstitutional claims must be addressed under the most applicable provision.@). The constitution imposes a duty on prison officials to provide medical care to inmates. *See Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). Because Long was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citing cases); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

In order for a pretrial detainee to state a claim under ' 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. "First, the deprivation alleged must be objectively, sufficiently serious." *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) (quoting Farmer, 511 U.S. at 832). "Second, the mental state of the prison official must have been 'one of deliberate indifference to inmate health or safety.'" *Id.*

A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations

and internal quotations omitted). Without such an allegation—a complaint must allege facts to state a claim to relief that is plausible on its face, *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007))—there could be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.@) (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

## II.

Applying the standards set forth above, certain claims against defendants Christopher White, John Layton, and Warren Hoosier are dismissed while claims against Kamyia Quarlos, Lisa Moore, Marcel Rohana may proceed.

Defendant Christopher White is dismissed for failure to state a claim upon which relief may be granted. The only allegation against White, a detective with the Indianapolis Metropolitan Police Department, is that Detective White arrested Long on August 4, 2011, for fighting in a bar a few days earlier. Detective White transferred Long to the Arrestee Process Center and allowed Long to keep his walking cane during the transfer. Detective White allegedly failed to inform employees at the Processing Center of Long's medical condition and need for back surgery on August 17, 2011. Long goes on to allege that he informed the defendants Quarlos, Moore, Rohana, and Hoosier of his medical need and scheduled surgery when he arrived at the processing center. These allegations are insufficient to state a claim upon which relief may be granted as to Detective White. There is no indication that Detective White was responsible for denying Long access to the surgery he needed to treat his serious medical need, the fact that Detective White failed to inform employees at the Processing Center of Long's purported medical needs is irrelevant because Long was given the opportunity to provide this information himself.

Sheriff John Layton is dismissed for failure to state a claim upon which relief may be granted. The only allegation against the Sheriff is that he failed to enact a policy that allows for prisoners to be treated with medications and surgery at the VA. Prisoners do not have a constitutional right to be provided care at any specific hospital. Sheriff Layton's failure to put in place a policy which suits Long's preferences is not actionable under § 1983. It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997).

Defendant Warren Hoosier, a Sheriff Deputy, is dismissed for failure to state

a claim upon which relief may be granted. Deputy Hoosier was allegedly informed of Long's medical condition and that a surgery had been scheduled for Long at the VA. There are no allegations upon which the court could conclude that Deputy Hoosier was responsible for Long's medical care or that he interfered with the medical providers' treatment decisions.

Long alleges that Kamyia Quarlos, Lisa Moore, Marcel Rohana are each medical care providers at the Marion County Jail. Long asserts that he informed these defendants of his serious medical need of back pain and a pinched spinal nerve and that back surgery had been scheduled at the VA for August 17, 2011. These defendants allegedly took no action to provide him with pain medication between August 4, 2011, and August 17, 2011. The August 17, 2011, surgery was cancelled and ultimately took place at the VA on January 31, 2012. The claim of deliberate indifference to a serious medical need related to pain management and treatment for a pinched spinal nerve may proceed against these three medical care providers. The court notes that although Long was not entitled to the best possible care or to receive particular treatment of his choice, he was entitled to constitutionally adequate medical care.

### III.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the amended complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 12/13/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BOBBY RAY LONG
842 North Dequincy Street
Indianapolis, IN 46201

Kamyia Quarlos, CNA
Marion County Jail
40 South Alabama Street
Indianapolis, IN 46201

Lisa Moore, Medical Assistant
Marion County Jail
40 South Alabama Street
Indianapolis, IN 46201

Marcel Rohana, Doctor
Marion County Jail
40 South Alabama Street
Indianapolis, IN 46204